By the Court :
The collector is, by law, bound to pay all the money he collects, for state tax, into the state treasury. His contract or bond is in conformity with the law, and if he does not make the payment ac cordingly, he becomes liable. No tender of payment at the county treasury could discharge or prevent this liability. The condition of the bond was forfeited by the failure to pay within the time prescribed by law, at the state treasury, and the right of action upon it then accrued.
The doctrine, that a debt due from the county to the defendant, may be offset against the debt due from him to the state, is altogether inadmissible. The claim of the county, for its proportion of the land tax collected, is upon the state, not upon the collector. The county can, in no form of action, subject the collector. There is no privity between them. Nor can the county be considered as, in equity, the owner of the money sued for. Although it may be admitted that the collector is indebted to the state, the .state to the county, and the county to the collector, yet these debts 'have not been so contracted, or rather have not originated in such ■manner as to be subjects of offset.^ The case is not within the ■principle of any of the cases referred to. The judgment must ^therefore be affirmed.